Robert J. Nahoum (RN-4907)
THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906

*Attorneys for Plaintiff*

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark)

---

| | |
|---|---|
| MARAH WALLACH,<br><br>              Plaintiff,<br><br>       v.<br><br>PARK PLACE OF NEW JERSEY, LLC,<br>MASERATI and ALFA OF MONMOUTH; and<br>SANTANDER CONSUMER USA INC. dba<br>CHRYSLER CAPITAL,<br><br>              Defendants. | Civil Action No.: |

## <u>COMPLAINT</u>
(Jury Trial Demanded)

Plaintiff, Marah Wallach ("Plaintiff"), brings this action to secure redress against

unlawful, fraudulent, unfair, abusive and deceptive lending and business practices

engaged in by Defendants, Defendants Park Place of New Jersey, LLC d/b/a Dip's

Luxury Motors ("Park Place"), Maserati and Alfa of Monmouth ("Monmouth" and

together with Park Place the "Dealer Defendants"), and Santander Consumer USA Inc.

dba Chrysler Capital("Santander" and together with the Dealer Defendants "Defendants")

relating to an automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1.      Plaintiff, a Connecticut resident, purchased a lemon from the Dealer Defendants.  Plaintiff gave the Dealer Defendants every opportunity to fix or replace the lemon.  However, rather than do as the lemon law requires (*i.e.*, refund or replace) all the Dealer Defendants offered Plaintiff was to trade in the lemon towards the purchase of another car.  The Dealer Defendants are seasoned used car dealers and know all too well what the lemon law requires them to do, and yet, the failed to meet their legal obligations causing damage to Plaintiff.

2.      Additionally, as part of the transaction, it was agreed that Plaintiff would trade in her current car as a further down payment towards her purchase of the new car.  However, the sales documents ultimately failed to include the traded in car rendering all the Truth in Lending Disclosures grossly misstated.

3.      Dealer Defendants have a history of fraud and/or other misconduct against consumers.  It has been reported to the Better Business Bureau that "Consumers have reached out to BBB with reports that they were not provided with contracts, the business did not honor their representations, and tacking on undisclosed fees."[1]  On Yelp, Park Place has a 1 out 5 star rating with various customer allegations of fraud and deceptive business practices.[2]

4.      Dealer Defendants have been sued in New Jersey State courts for unscrupulous lending and business practices.  There is no telling the true scope of Dealer Defendants' wrongdoing as, predictably, much of the claims against them may have been litigated in secretive arbitration.

---

[1] https://www.bbb.org/us/nj/elizabeth/profile/used-car-dealers/park-place-of-nj-0221-90158737 last visited March 24, 2023.
[2] https://www.yelp.com/biz/park-place-elizabeth last visited March 24, 2023.

5.     In this proceeding Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the New Jersey Consumer Fraud Act (the "CFA"), N.J.S.A. 56:8-1 *et seq.*, and common law claims for fraud, breach of contract, and breach of warranty.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

7.     This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

8.     This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9.     Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the Dealer Defendants maintain offices, transact business, and are otherwise found in this district.

## PARTIES

10.     Plaintiff is a natural person residing in Bridgeport, Connecticut.

11.     Park Place is and has been at all times relevant to this matter a used auto dealership engaged in the business of purchasing and selling motor vehicles in the State of New Jersey.  Park Place's business address is 500 South Broad Street, Elizabeth, New Jersey 07202.

12.     Monmouth is and has been at all times relevant to this matter a used auto dealership engaged in the business of purchasing and selling motor vehicles in the State

of New Jersey.  Monmouth's business address is 807 State Route 35, Ocean, New Jersey 07712.

13.     Upon information and belief, Santander is a division of a national banking association.

14.     Upon information and belief, Santander provides automobile loans and loan servicing nationwide including in the state of New Jersey.

15.     Santander is, upon information and belief, assignee of Plaintiff's contracts with the Dealer Defendants and, as a result, is subject to all claims and defenses pursuant to federal and New Jersey law including.

## FACTS

16.     Park Place is a used motor vehicle dealer that, in the ordinary course of business, is engaged in the purchase and sale of motor vehicles.

17.     During the twelve-month period that includes July 2022, Park Place was a dealer as defined by applicable regulations, as it sold three or more cars during that period.

18.     During the twelve-month period that includes July 2022, Monmouth was a dealer as defined by applicable regulations, as it sold three or more cars during that period.

### *The Vehicle Sale*

19.     Considering the purchase of a used vehicle, in the Summer of 2022, Plaintiff found advertised as available from Park Place, a 2017 Acura TLX.

20.     On July 6, 2022, Plaintiff drove from Connecticut to New Jersey to visit Park Place's dealership and expressed an interest in purchasing the advertised 2017 Acura.

4

21.     Plaintiff was told that the 2017 Acura Was not available and was directed to Monmouth, represented as Park Place's "sister dealership".

22.     Plaintiff then traveled from Park Place's dealership to Monmouth's dealership where she was shown a 2018 Acura TLX, Vehicle Identification Number 19UUB1F3XJA002130 (the "Subject Vehicle").

23.     It was agreed that Plaintiff would purchase the Subject Vehicle for a sale price of $24,992.46 (the "Purchase Price").  It was further agreed that Plaintiff would pay a $1,000.00 cash down payment and trade in her 2017 Nissan Juke (the "Trade-In") for which $8,000.00 was still owed.  Plaintiff was told that the Trade-In was worth $15,000.00 and so the remaining $7,000.00 in equity would be added to the $1,000.00 down payment as an offset to the Purchase Price.  After credits for the down payment and the Trade-In, the balance of the Purchase Price would be financed.

24.     During the sale process, Plaintiff observed that the Subject Vehicle's air conditioning system appeared to not be operating correctly.  The Dealer Defendants assured Plaintiff that the Air Conditioning system would be repaired.

25.     To memorialize the transaction, Plaintiff and Monmouth executed a series of documents including a "Retail Installment Sales Contract" (the "RISC").

26.     The RISC accounted for the down payment but failed to account for the Trade-In thereby causing the Truth in Lending Disclosures to be grossly misstated but worse, robbing Plaintiff of the Equity she held in the Trade-In.

### *The Vehicle Malfunction*

27.     Soon after taking delivery of the Subject Vehicle, approximately a week later, within 30-days and 1,000 miles, dashboard indicator lights began to illuminate. Plaintiff also observed that, at highway speeds, the Subject Vehicle would vibrate.

28.     Plaintiff promptly notified the Dealer Defendants that lights had illuminated and brought the Subject Vehicle back to New Jersey from Connecticut for diagnosis and repair.  The Dealer Defendants acknowledged a malfunction with the Subject Vehicle but refused to make any repairs.

29.     Thereafter between July 2022 and September 2022, Plaintiff brought the Subject Vehicle back to the Dealer Defendants for repair three times.  Each time, the Dealer Defendants failed to fully repair the Subject Vehicle.

30.     On December 13, 2022, Plaintiff brought the Subject Vehicle to non-party "Acura by Executive", closer to home in North Haven Connecticut.  Acura by Executive told Plaintiff that the Subject Vehicle was a "mess" and that among other problems, bodywork repairs were incorrectly made, that under the hood there were loose wires and missing mechanical components and that the Subject Vehicle was unsafe to drive.

31.     Thereafter, on December 21, 2022, Plaintiff brought the Subject Vehicle back to the Dealer Defendants for a fourth time and demanded that the Subject Vehicle be repurchased or replaced.

32.     All the Dealer Defendants offered Plaintiff was to trade the Subject Vehicle in as part of her purchase of a new vehicle.

33.     Ultimately, the Dealer Defendants not only failed to buyback the vehicle or replace it with a new vehicle, but they also told Plaintiff that, because her credit was

insufficient due to the loan on the Subject Vehicle, they could not get her approved for the purchase of a new vehicle.

### *The Filing of Arbitration*

34.     The RISC includes an arbitration provision (the "Arbitration Provision") which allows either party to elect arbitration as a venue to resolve claims between the parties.

35.     On April 14, 2023, Plaintiff commenced an arbitration against Defendants with the American Arbitration Association ("AAA") and Case Number: 012300017230 was assigned (the "Arbitration").

36.     On May 24, 2023, AAA notified the parties that Maserati and Alfa of Monmouth failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration and therefore declined to administer Plaintiff's claims against Maserati and Alfa of Monmouth.

37.     These events have caused tremendous distress to Plaintiff.

38.     At all relevant times Defendants acted willfully and in bad faith.

39.     The unlawful actions described herein harmed Plaintiff.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF TILA**
(15 U.S.C. § 1601 *et. seq*. TILA – Against all Defendants)

40.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

41.     Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

42.     Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

43.     Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

44.     The RISC lists a motor vehicle, an article of personal property, as collateral.

45.     The RISC is a written agreement, payable in more than four installments.

46.     The finance charge indicated on the RISC exceeds $1,000.00.

47.     The copy of the RISC that was finally provided to Plaintiff – only after the transaction – is inconsistent with oral disclosures made by Defendants on the date of the transaction.

48.     Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

49.     As a result of Defendants' failure to properly credit Plaintiff for the Trade-In, the RISC is materially misstated in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

50.     Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

51.     Had Defendants provided complete and accurate disclosure of all terms, Plaintiff would not have agreed to purchase the Subject Vehicle on the terms and conditions imposed on her by Defendants.

52.     Additionally, had Defendants provided complete and accurate disclosure of all terms, Plaintiff would have sought and obtained alternate financing.

53.     Based on the foregoing, Defendants are liable under TILA and Regulation Z (*See*, e.g. 15 U.S.C. §1640) for statutory damages, actual damages, attorney's fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief deemed appropriate.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
(Common Law and UCC – Against Dealer Defendants)

54.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

55.     A warranty of merchantability and a warranty of fitness for a particular purpose are implied in all sales transactions where the seller has reason to know the particular purpose for which the product is to be used and that the consuming public is relying on the skill or judgment of the seller to furnish a suitable product.

56.     A warranty of merchantability is a warranty implied by law that a product is fit for the ordinary purposes for which it is used, is properly labeled and conforms to the representations made about it.

57.     A warranty of fitness for a particular purpose is a warranty implied by law that a product is fit for its intended use.

58.     The Subject Vehicle was subject to both an implied warranty of merchantability and an implied warranty of fitness for a particular purpose.

59.     The Dealer Defendants breached these warranties as described above.  The Dealer Defendants knew of the particular purpose of the Subject Vehicle and that Plaintiff relied on the Dealer Defendants' skill and representations to furnish a suitable product.  However, the defects or conditions descried herein substantially impair the Subject Vehicle to be a suitable product.

60.     The defects in the Subject Vehicle render the Subject Vehicle unfit for its intended used.

61.     The Dealer Defendants violated the Implied Warranty of Merchantability and Implied Warranty of Fitness for Particular Purpose, and therefore, Plaintiff demands a refund of the purchase price, as well as reasonable attorney's fees and incidental damages.

**THIRD CAUSE OF ACTION**
**BREACH OF WARRANTIES UNDER**
**THE FEDERAL MAGNUSON–MOSS WARRANTY ACT**
(15 U.S.C. § 2301 *et seq.* – Against the Dealer Defendants)

62.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

63.     Plaintiff is the purchaser of the Subject Vehicle, a consumer product, who received the Subject Vehicle during the duration of a written warranty applicable to the Subject Vehicle and who is entitled by the terms of the written warranty to enforce against the Dealer Defendants' obligations of said warranty.

64.     Dealer Defendants are persons engaged in the business of making a consumer product directly available to Plaintiff.

65.     The federal Magnuson–Moss Warranty Act (15 U.S.C. § 2301 *et seq*.). (the "Warranty Act") is applicable to Plaintiff's claim in that the Subject Vehicle was manufactured and sold after July 4, 1975, and cots in excess of ten dollars ($10.00).

66.     Plaintiff's purchase of the Subject Vehicle was accompanied by written warranties for any nonconformities or defects in material or workmanship and undertaking in writing in connection with the purchase of the Subject Vehicle to refund, repair, replace, or take other remedial action free of charge to Plaintiff with respect to the Subject Vehicle in the event that it failed to meet the specifications set forth in said undertaking.

67.     Said warranties were the basis of the bargain of the contract between Plaintiff and the Dealer Defendants for the purchase of the Subject Vehicle.

68.     Said purchase of the Subject Vehicle was induced by, and Plaintiff relied upon, these written warranties.

69.     Plaintiff has met all of Plaintiff's obligations and preconditions as provided in the written warranties.

70.     As a direct and proximate result of Dealer Defendants' failure to comply with their express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2301(d)(l), Plaintiff is entitled to bring suit for such damages.

**FOURTH CAUSE OF ACTION**
**REVOCATION OF ACCEPTANCE**
**<u>PURSUANT TO THE WARRANTY ACT</u>**
(15 U.S.C. § 2301(D) – Against the Dealer Defendants)

71.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

72.     Dealer Defendants' tender of the Subject Vehicle was substantially impaired to Plaintiff due to the defects detailed herein.

73.     Dealer Defendants tender of the Subject Vehicle which was substantially impaired to Plaintiff constitutes a violation of 15 U.S.C. § 2310(d) and Plaintiff is entitled to the remedy of revocation.

**FIFTH CAUSE OF ACTION**
**NEW JERSEY USED CAR LEMON LAW**
(N.J.S.A. 56:8-69 *et. seq.* – against Dealer Defendants)

74.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

75.     Plaintiff is a "consumer" as defined by N.J.S.A. 56:12 -30.

76.     The Dealer Defendants are and/or were at the time of Plaintiff's purchase of the Subject Vehicle a "Dealer or Motor Vehicle Dealer" in the business of buying, selling, and/or exchanging vehicles as defined by N.J.S.A. 56:12 -30.

77.     On or about July 6, 2022, Plaintiff took possession of the Subject vehicle and within 30 days and less than 1,000 miles, experienced non-conformities and/or defects which substantially impair the use, value and/or safety of the Subject Vehicle.

78.     Said non-conformities and/or defects violate the express written warranties issued to Plaintiff by the Dealer Defendants.

79.     Said non-conformities and/or defects violate implied warranties relevant to the Subject Vehicle.

80.     Plaintiff notified Dealer Defendants of said non-conformities and/or defects.  Despite said notice, Dealer Defendants failed and refused to correct said non-conformities and/or defects within a reasonable time.

81.     Plaintiff has been and will continue to be financially damaged due to Dealer Defendants' intentional, reckless, wanton and negligent failure to comply with applicable provisions of law including but not limited to the New Jersey Used Car Lemon Law.

82.     Plaintiff has provided Dealer Defendants with a final repair attempt prior to filing the within proceeding.

83.     Accordingly, Plaintiff seeks relief for losses due to said non-conformities and/or defects in the Subject Vehicle in addition to reasonable attorney fees and all arbitration costs.

**SIXTH CAUSE OF ACTION
VIOLATION OF THE NEW
JERSEY CONSUMER FRAUD ACT**
(N.J.S.A. 56:8-1 *et. seq.* - against Dealer Defendants)

84.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

85.     Dealer Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses, and/or misrepresentations in connection with the sale of the Subject Vehicle, in violation of the Consumer Fraud Act at N.J.S.A. 56:8-2, including without limitation:

(a)     The Dealer Defendants engaged in unconscionable commercial practices, fraud, false pretenses, and material misrepresentations by concealing and misrepresenting the repair history of the Subject Vehicle.

(b)     The Dealer Defendants engaged in unconscionable commercial practices, fraud, false pretenses, and material misrepresentations by failing to properly credit Plaintiff for the Trade-In in violation of the Consumer Fraud Act and without itemizing same in violation of the Consumer Fraud Act.

86.     Plaintiff has suffered ascertainable losses as a result of Dealer Defendants' violations of the CFA, including but not limited to the Vehicle's purchase price, as well as any interest, late fees, collection fees or penalties associated with the financing of the purchase of the Subject Vehicle and damages to Plaintiff's credit rating.

**SEVENTH CAUSE OF ACTION**
**<u>RESCISSION</u>**
(N.J.S.A. 2A:32-1 *et. seq.* – Against all Defendants)

87.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

88.     Since Dealer Defendants committed a fraud in the sale of the Subject Vehicle, Plaintiff is entitled to equitable relief, including but not necessarily limited to the equitable remedy of rescission.

89.     N.J.S.A. 2A:32-1, titled "Remedies of person defrauded," provides:

> "(w)henever there is a fraud in the execution or consideration of a contract, the person defrauded at any time thereafter may institute a civil action, to recover the money owing on such contract although, by its terms, the debt contracted or the money secured to be paid thereby is not then due or payable; and the person defrauded may, upon discovery of the fraud, either rescind the contract entirely and recover the money or property obtained by the fraud, or, sue on the contract to recover thereon."

N.J.S.A. 2A:32-1.

90.     Therefore, pursuant to the aforesaid statute and the common law, Plaintiff is permitted to cancel the RISC and recover all sums paid thereon.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE TRUTH-IN-CONSUMER**
**<u>CONTRACT, WARRANTY AND NOTICE ACT</u>**
(N.J.S.A. 56:12-14 *et. seq.* -Against Dealer Defendants)

91.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

14

92.     This count is brought pursuant to the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act. N.J.S.A. 56:12-14 et seq.

93.     Dealer Defendants fraudulently induced Plaintiff to purchase the Subject Vehicle by fraudulently misrepresenting that the Subject Vehicle was in good mechanical and physical condition.

94.     Plaintiff did in fact rely on the above-mentioned statements, which resulted in substantial damage to the Plaintiff.

95.     Dealer Defendants violated the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 *et seq.* Dealer Defendants offered and/or entered into a written consumer contract and/or gave or displayed a written consumer warranty, notice or sign which included a provision that violated a clearly established right of Plaintiff as established by state law at the time the offer was made, the contract was signed, and the warranty was given.

96.     Dealer Defendants offered and/or entered into a written consumer contract and/or gave or displayed a written consumer warranty, notice or sign which included a provision that violated their clearly established responsibilities as established by state at the time the offer was made, the contract was signed, and the warranty was given.

97.     Each of the aforesaid violations are individual and separate violations of the Truth- in-Consumer Contract, Warranty and Notice Act warranting a separate statutory award of damages for each violation and all other relief as permitted by law.

### NINTH CAUSE OF ACTION
### COMMON LAW FRAUD
(Against - Dealer Defendants)

98.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

99.     Dealer Defendants knowingly made material misrepresentations of a presently existing material fact in order to complete the sale and financing of the Subject Vehicle to Plaintiff, including materially misrepresenting the repair history and working condition of the Subject Vehicle.

100.    At the time the material misrepresentations were made, Dealer Defendants knew their unlawful actions would cause Plaintiff harm.

101.    The material misrepresentations were made with the intent that they be relied on.

102.    Dealer Defendants' material misrepresentations were relied upon because Dealer Defendants' were able to complete the sale and financing of the Subject Vehicle as a direct result of the material misrepresentations.

103.    Dealer Defendants' conduct with regard to the sale and financing of the Subject Vehicle was willful, wanton, reckless, and/or malicious.

104.    Plaintiff has suffered damages as a direct result of Dealer Defendants' material misrepresentations, including but not limited to the Subject Vehicle's purchase price, as well as any interest, late fees, collection fees or penalties associated with the financing of the purchase of the Subject Vehicle and damages to Plaintiff's credit rating.

**TENTH CAUSE OF ACTION**
**DAMAGES PURSUANT TO THE**
**NEW JERSEY PUNITIVE DAMAGES ACT**
(*N.J.S.A. 2A:15-5.9 et. seq.* – Against Dealer Defendants)

105.    Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

106.    There is clear and convincing evidence that the harm Plaintiff suffered was the result of Dealer Defendants' acts or omissions, and such acts or omissions were

actuated by malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions including Plaintiff.

107.    Dealer Defendants' acts or omissions that were actuated by actual malice or accompanied by a wanton disregard of persons who foreseeably might be harmed include the following:

> (a)    The Dealer Defendants engaged in unconscionable commercial practices, fraud, false pretenses, and material misrepresentations by concealing and misrepresenting the repair history of the Subject Vehicle.
>
> (b)    The Dealer Defendants engaged in unconscionable commercial practices, fraud, false pretenses, and material misrepresentations by charging failing to credit Plaintiff for the trade-In in violation of the Consumer Fraud Act.

108.    Dealer Defendants profited from Plaintiff because they were able to sell and finance the sale of the Subject Vehicle and assign the RISC.

109.    The harm suffered by Plaintiff was the direct result of Dealer Defendants' affirmative acts and omissions, and such acts or omissions were actuated by malice or accompanied by a wanton and willful disregard of persons, including Plaintiff, who foreseeably might be harmed by those acts or omissions.

110.    The duration of Dealer Defendants' malicious and wanton disregard has been ongoing for several months and continues to go on both before and after the date of the filing of this proceeding.

## ELEVENTH CAUSE OF ACTION
## VIOLATION OF THE NEW
## JERSEY CONSUMER FRAUD ACT
(N.J.S.A. 56:8-1 *et. seq.* - against Monmouth)

111.    Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

112.     Monmouth engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses, and/or misrepresentations in connection with the sale of the Subject Vehicle, in violation of the Consumer Fraud Act at N.J.S.A. 56:8-2, including without limitation:

        (a)    The Monmouth engaged in unconscionable commercial practices, fraud, false pretenses, and material misrepresentations by including an arbitration provision in the RISC, designating AAA as an available arbitrator, while failing to comply with the AAA's policies regarding consumer claims.

113.     Plaintiff has suffered ascertainable losses as a result of Monmouths' violations of the CFA, including but not limited to additional attorneys' fees and the costs of this action.

**TWELFTH CAUSE OF ACTION**
**(BREACH OF CONTRACT)**
(Breach of Arbitration Provision - against Monmouth)

114.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

115.     The RISC includes the Arbitration Provision which allows either part to elect arbitration as a venue to resolve claims between the parties.

116.     Plaintiff commenced the Arbitration against Defendants with the AAA.

117.     AAA declined to administer this Arbitration due to the Monmout's failure to comply with its rules.

118.     Plaintiff performed all of her obligations under the RISC.

119.     Monmouth breached the RISC by failing to comply with the AAA's rules.

120.     The aforesaid breach was material in nature.

121.     As a result of the aforesaid breach, Plaintiff sustained damages.

**WHEREFORE**, Plaintiff seeks an award in his favor and damages against the Defendants, based on the following requested relief:

(a)     An award in favor of Plaintiff and against Defendants for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiffs' obligation under the RISC void;

(b)     For declaratory judgment that Dealer Defendants violated the New Jersey Consumer Fraud Act;

(c)     For declaratory judgment that Dealer Defendants committed common law fraud;

(d)     For injunctive relief requiring the Defendants to cause Plaintiff's name and any obligation to be responsible for any third-party contract or assigned contract to be removed from all third party contracts that were signed or assigned related to the sale and financing of the Subject Vehicle including but not limited to the Retail Installment Sales Contract that was assigned to Santander;

(e)     For treble damages pursuant to the CFA at N.J.S.A. 56:8-19;

(f)     For reasonable attorneys' fees and costs of suit in connection with this action pursuant to the CFA at N.J.S.A. 56:8-19 and all other applicable statutes;

(g)     For actual damages;

(h)     For nominal damages;

(i)     For punitive damages pursuant to the New Jersey Punitive Damages Act at N.J.S.A. 2A:15-5.9 *et seq.;*

(j)     For pre-judgment and post-judgment interest;

        (k)     A Declaration of Plaintiff's obligations under the Retail Installment Contract.

        (l)     Such other and further relief as may be deemed necessary, just and proper.

Dated: Nyack, New York
       June 7, 2023

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

/S/ Robert J. Nahoum)
       **ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/S/ Robert J. Nahoum
**ROBERT J. NAHOUM**

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Robert J. Nahoum, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

/S/ Robert J. Nahoum
**ROBERT J. NAHOUM**

### NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.